Connon, Richard F., J.
This action arose from the plaintiffs’ allegations that the defendants withheld financial and operational information from the Mashpee Wampanoag Indian Tribal Council, Inc. (“MWITC”). They allege claims for an accounting and breach of fiduciary duty in their five-count amended complaint. On December 22, 2006, this Court entered a preliminary injunction requiring that the defendants permit the plaintiffs to examine MWITC’s books and records. Later, the plaintiffs filed a complaint for contempt against defendants Glenn Marshall, “Shawn Henricks” [sic], Desire Hendricks, and Nellie Ramos for allegedly violating the preliminary injunction. This matter is before the Court on the remaining defendants’ motion to dismiss the underlying complaint based on sovereign immunity extended to them from the Mashpee Wampanoag Tribe (“the Tribe”).
At the hearing on the motion to dismiss, the parties agreed to dismiss Counts 3 and 4 of the complaint, and all claims asserted by plaintiffs Stephanie Tobey-Roderick and Michelle Fernandes were dismissed without opposition. In addition, the plaintiffs moved to strike the defendants’ reply brief. For the following reasons, the Defendants’ motion to dismiss is ALLOWED, and it is ORDERED that judgment is entered for the defendants. The plaintiffs complaint for contempt is therefore moot, and the plaintiffs’ motion to strike the defendants’ reply brief is denied.

DISCUSSION

The plaintiffs concede that the Tribe has been granted Federal recognition as a sovereign Native American tribe. Consequently, the Tribe is immune from suit absent a clear waiver by the Tribe or congressional abrogation. Building Inspector & Zoning *356 Officer of Aquinnah v. Wamuanoag Aguinnah Shellfish Hatchery Corp., 443 Mass. 1, 12 (2004). The plaintiffs suit is directed at the Tribe’s elected officials in connection with their duties as employees of MWITC, a nonprofit corporation organized under G.L.c. 180. MWITC, however, shares the Tribe’s immunity because of its close relationship to the Tribe, and because it is conducting a similar and subordinate enterprise. See Wright v. Colville Tribal Enter. Corp., 159 Wash.2d 108, 113-14 (2006); Runyon v. Association of Village Council Presidents, 84 P.3d 437, 440-41 (Ala. 2004); Dixon v. Picopa Const. Co., 160 Ariz. 251, 252 (1989). The Tribe and MWITC have exactly the same officers, all of whom are elected members of the Tribal Council. MWITC’s mission is to assist the Tribe’s members, and preserve its history and culture. It is not apparent that MWITC expressly waived its sovereign immunity by incorporating under the laws of this Commonwealth. Cf. Building Inspector, 443 Mass. at 13.
Further, the weight of existing authority- indicates that tribal sovereign immunity protects tribal officials acting within the scope of their authority, as well as tribal employees. See, e.g., Linneen v. Gila River Indian Cmty., 276 F.3d 489, 492 (9th Cir. 2002); Fletcher v. United States 116 F.3d 1315, 1324 (10th Cir. 1997); Kenai Oil & Gas, Inc. v. Department of Interior, 522 F. Supp 521, 531 (D. Utah 1981), aff'd, 671 F.2d 383 (10th Cir. 1982). Contra Comstock Oil & Gas, Inc. v. Onyx Energy Co., 261 P.3d 567 (5th Cir. 2001). To the extent that the plaintiffs’ claims are against the defendants as representatives of the Tribe, they may not evade the Tribe’s immunity by suing its officials.

ORDER

For the foregoing reasons, it is therefore ORDERED that the defendants’ motion to dismiss is ALLOWED. The plaintiffs’ motion to strike the defendants’ reply brief is DENIED. It is ORDERED that judgment is entered for the remaining defendants.